UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RAFAEL ROMAN RAMIREZ, )<br>)<br>Movant, )<br>) | <br><br><br>NO. 2:15CR120-PPS |
| v. ) | (Associated Civil No. 2:22CV231-PPS) |
| )<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | |

**OPINION AND ORDER**

In February of 2016, Rafael Roman Ramirez entered a plea of guilty to a charge of being an alien unlawfully in possession of a firearm, in violation of 18 U.S.C. §922(g)(5). [DE 26.] In July of 2018, I sentenced Ramirez to 24 months' imprisonment on that count, to be served consecutively to a term of 120 months imposed on a heroin conspiracy charge filed in a separate case, No. 2:16CR63. [DE 61.] A direct appeal was not taken. Ramirez has now filed a *pro se* motion to vacate, correct or set aside sentence under 28 U.S.C. §2255 in which he challenges only the firearm charge. [DE 64.]

Section 2255(a) authorizes a federal court to grant relief where a federal prisoner's sentence "was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law." The Seventh Circuit has observed that this is a high bar: "Relief under §2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'"

*United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013)).

Ramirez's motion invokes the Supreme Court's 2019 decision in *Rehaif v. United States*, ___ U.S. ___, 139 S.Ct. 2191 (2019), where the Court held that in a prosecution under §922(g) the government has to prove the element of knowledge in two ways: "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. In Ramirez's case, the relevant category under §922(g)(5) is "being an alien...illegally or unlawfully in the United States." The government does not address retroactivity in its opposition, but Ramirez argues that *Rehaif* applies retroactively. [DE 67, 68.] The Seventh Circuit has not discussed the question whether *Rehaif* applies retroactively to cases on collateral review, but in dictum suggests that it does. *Santiago v. Streeval*, 36 F.4th 700, 706 (7th Cir. 2022) ("The government has conceded that Santiago meets the first two criteria of the saving clause: he relies on a new statutory case (*Rehaif*) that applies retroactively"). Perhaps the government tacitly concedes the point because *Rehaif* gave a new substantive rule by narrowing the class of persons that the law punishes. *Welch v. United States*, 578 U.S. 120, 128, 129 (2016). In any event, I can presume without deciding that *Rehaif* has retroactive application because Ramirez's motion must be denied as untimely regardless of its merits.

A motion under §2255 must usually be filed within one year from the date on which the judgment of conviction became final. §2255(f)(1). Because Ramirez did not

2

take a direct appeal, the judgment became final on August 10, 2018, the deadline for filing a notice of appeal (14 days after the entry of the judgment on July 27, 2018). Ramirez filed his §2255 motion almost three years later on August 10, 2022.

None of the alternative deadlines of §2255(f)(2), (3), or (4) apply to make Ramirez's motion timely. The only conceivable section that could apply in this case is under §2255(f)(3), which deals with claims arising from newly recognized rights found by the Supreme Court. In those circumstances the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Even presuming that §2255(f)(3) applies, it would extend Ramirez's limitation period only to June 21, 2020, one year from the *Rehaif* decision, which issued on June 21, 2019. The motion filed in August of 2022 is still untimely even if governed by §2255(f)(3).

In addition to the untimeliness of Ramirez's motion, the government also points out that Ramirez can demonstrate no prejudice that would be necessary to overcome the procedural default of not having raised a *Rehaif* claim on direct review. [DE 67 at 4-5.] "[A]bsent a showing of cause for the procedural default and actual prejudice resulting from the errors petitioner alleges, the failure to raise an issue which could have been raised on direct appeal precludes section 2555 review." *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). There is no basis to conclude that there is a reasonable probability that the outcome of Ramirez's case would have been different

absent any *Rehaif* error. Nor has Ramirez offered a credible argument for his actual innocence of the §922(g) charge, including his unawareness of his illegal alien status. zaa

Oddly, Ramirez repeatedly makes reference to a *mens rea* requirement that he knew he'd been convicted of a *felony* offense. [DE 64 at 2, 3, 4, 5.] But that's not what he was charged with. In other words, being a felon is not the category of prohibited persons on which the §922(g) charge against him was based. When the applicable category of §922(g)(5) is considered, the record amply demonstrates that Ramirez was aware of his status as an alien illegally in the country. During the traffic stop that led to Ramirez's prosecution on the heroin charge, he admitted to being in the United States illegally. [DE 31 at ¶6.] The subsequent search of Ramirez's residence disclosed a number of false identification documents with his photo and various names. [*Id*. at ¶¶9, 10.] Checks of immigration databases revealed that in September 2000 Ramirez had been intercepted by Border Patrol as an undocumented alien and returned to Mexico. [*Id*. at ¶13.] Defendant made no objection to these facts which were included in the presentence investigation report. [DE 32 at 1.]

Ramirez fails to make a showing that the application of *Rehaif* to his case would have made any difference at all. In the context of direct appeals of unpreserved *Rehaif* claims, the Supreme Court found that "[i]n felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did

4

not in fact know he was a felon." *Greer v. United States*, 141 S.Ct. 2090, 2100 (2021). The corollary to that proposition applies here. Ramirez offers no basis to believe that he could have persuaded a rational jury that he was unaware of his illegal immigration status, or that awareness of the *mens rea* element found in *Rehaif* would have impacted his decision to enter a plea of guilty.

In sum, Ramirez's §2255 motion must be denied because it is both untimely and without merit. Because I find that Ramirez has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists could not debate the reasoning for rejecting his motion under §2255, I will deny a certificate of appealability. 28 U.S.C. §2253(c)(2); *Welch v. United States*, 136 S.Ct. 1257, 1263 (2016). If Ramirez wishes to appeal this Opinion and Order denying his §2255 motion, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

**ACCORDINGLY:**

Rafael Roman Ramirez's motion to vacate under 28 U.S.C. §2255 [DE 64] is DENIED. A motion for certificate of appealability is also DENIED.

The Clerk shall enter judgment against Ramirez and in favor of the United States.

**SO ORDERED**.

ENTERED: November 7, 2022.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT